# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 18-336 |
| | ) | |
| CAMERON BASKING | ) | |

## ORDER

AND NOW, this 27th day of June, 2019, upon consideration of Defendant's Motion to Dismiss Information (ECF No. 38), the Government's Response (ECF No. 40), and the Defendant's Reply (ECF No. 44), IT IS HEREBY ORDERED that said Motion is granted, in part, and denied, in part, as follows:

**1.** The Motion to Dismiss Information is GRANTED in part. The Information filed on December 13, 2018, at Criminal No. 18-336 (ECF No. 23) is hereby dismissed, without prejudice. The Information was filed after the government and defendant had reached an agreement to proceed in this matter by information. On the date set for the hearing, at which Defendant would have waived his right to an indictment, the Defendant informed the court that he did not want to waive his right to indictment. Therefore, as the government concedes, the Information is not valid.

**2.** The Motion to Dismiss Information is DENIED in part to the extent defendant seeks dismissal of the charges filed by Complaint at Criminal No. 18-336, and his immediate release from custody. Although the Information is not valid, the Complaint (ECF No. 1) remains valid, as does the Order of Detention (ECF No. 10).

An indictment must be filed within thirty days from the date an individual is arrested, or served with a summons in connection with such charges. 18 U.S.C. § 3161(b). The government

has sought and received several extensions of time to file an indictment in this case. The extensions were sought because the parties, as noted, were working towards resolution of this matter by information. The Defendant argues, however, that the government violated the Speedy Trial Act when it failed to file an indictment by the court-ordered, extended deadline of October 26, 2018. United States v Basking, 18-mj-411, ECF No. 17. Defendant argues that this violation occurred immediately, and cannot be cured by the government's late-filed October 29, 2018 motion to extend the time to file an indictment, as such motion was filed too late. Basking, 18-mj-411, ECF No. 18.

The Court finds that the delay in filing an indictment has been properly excluded from Speedy Trial calculations. Of the government's thirty-day timeline to indict Defendant, the Court calculates that at most eleven days have elapsed, consisting of the time periods from the day after an indictment deadline occurred to the date the court granted the government's motion to extend the deadline (October 27 to October 30, 2018 (four days), February 23 to February 28, 2019 (six days); and June 7, 2019 (one day). The court has granted the government until July 6, 2019 to seek and return an indictment against the defendant. Basking, 18-mj-411, Order, June 6, 2019, ECF No. 28. The Speedy Trial Clock on the time to file an indictment will start ticking on July 7, 2019.

**3.** IT IS FURTHER ORDERED that defendant's pro se Motion to Dismiss (ECF No. 37) is denied, as he is represented by counsel.

_____
Marilyn J. Horan
United States District Judge